UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BONNIE LEE THOMPSON,

    Plaintiff,

v.                                                           Case No: 8:19-cv-124-T-60JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Petition for EAJA Fees Pursuant to 28 U.S.C. § 2312(d) [sic] and for Oral Argument ("Motion"). (Dkt. 25.) Plaintiff moves the Court to award her attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the reasons that follow, the undersigned recommends that the Motion be granted in part and denied in part.

### BACKGROUND

On January 17, 2019, Plaintiff filed a Complaint seeking review of the denial of her claim for Social Security benefits by the Commissioner of Social Security. (Dkt. 1.) On January 15, 2020, the undersigned entered an order recommending that the Court reverse the Commissioner's decision and remand the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g) (Dkt. 19), which the Court adopted on March 5, 2020. (Dkt. 23). Judgment was entered in Plaintiff's favor on March 5, 2020. (Dkt. 24.) Consequently, Plaintiff filed the Motion on June 1, 2020, as the prevailing party in this action. (Dkt. 25.) In the Motion, Plaintiff seeks attorney's fees for work performed by attorneys Carol Avard and Craig Polhemus (Dkt. 25 at 3), as well as paralegal fees. (Dkt. 25 at 23.)

## APPLICABLE STANDARDS

Following entry of a favorable judgment in a Social Security case, a prevailing party may obtain attorney's fees under the EAJA. 28 U.S.C. § 2412(d)(1)(A); *Monroe v. Comm'r of Soc. Sec. Admin.*, 569 Fed. App'x 833, 834 (11th Cir. 2014). The EAJA requires the court to award attorney's fees to a party who prevails against the United States in litigation unless the court finds that the government's position in the litigation was "substantially justified" or that special circumstances make such an award unjust. 28 U.S.C. § 2412(d); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).

A party may recover an award of attorney's fees under the EAJA if the following prerequisites are met: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed (i.e., filed within thirty days of final judgment in the action); (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) no special circumstances exist that would make an award unjust. 28 U.S.C. § 2412(d). A party who obtains a fourth sentence remand in a Social Security case is considered a prevailing party under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). To be "substantially justified" under the EAJA, the government's position must be "justified to a degree that could satisfy a reasonable person," which requires that the government's position have a reasonable basis in both law and fact. *Monroe*, 569 Fed. App'x at 834 (internal quotation and citation omitted).

## ANALYSIS

Upon consideration of the Motion and the applicable law, the Court finds that Plaintiff is entitled to an award of attorney's fees in this case. First, Plaintiff is the prevailing party in this

case after having obtained a sentence-four remand. *Schaefer*, 509 U.S. at 296–97, 302. Second, Plaintiff's Motion, which was filed on June 1, 2020, was timely filed. This case was remanded upon order of this Court and judgment was entered in Plaintiff's favor on March 3, 2020. (Dkts. 23–24.) Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), either party has sixty days to file an appeal. Therefore, the judgment became final on May 4, 2020, and the Motion was filed before the expiration of the thirty-day deadline. *See Jones v. Colvin*, No. 8:13-CV-2900-T-33AEP, 2015 WL 7721334, at *1 (M.D. Fla. Nov. 30, 2015). Additionally, the Commissioner does not dispute the timeliness of the Motion. Third, there is no indication that Plaintiff is excluded from eligibility for an award under the EAJA by any of the exclusions set forth in the Act. Fourth, the Commissioner's position was not substantially justified in this case, and the Commissioner does not dispute this issue. Finally, the Court does not find that any special circumstances exist to indicate that an award of attorney's fees in this case would be unjust.

However, attorneys are only entitled to an award of "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* (emphasis in original; internal quotations omitted). Thus, fee applicants "must exercise what the Supreme Court has termed 'billing judgment'" and must "exclude from their fee applications 'excessive, redundant, or otherwise unnecessary [hours].'" *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (alteration in original) (quoting *Hensley*, 461 U.S. at 434). "If fee applicants do not exercise billing judgment, courts are obligated to do it for them." *ACLU of Ga.*, 158 F.3d at 428.

In this case, Defendant argues that Plaintiff requests a fee for hours unreasonably expended. (Dkt. 26 at 3–8.) First, Defendant argues that Plaintiff should not be compensated for the following time entries:

- 4/26/19 Attorney rev. of Notice by Commissioner .1
- 4/29/19 Attorney rev. of Scheduling Order .1
- 6/26/19 Paralegal filing of Memorandum of Law by cm/ecf .2
- 7/18/19 Attorney rev. of Case Reassignment .1
- 1/29/20 Paralegal filing of Objections to the Report and Recommendation by cm/ecf .2
- (No Date) Attorney review file and time sheets .1

(Dkt. 25 at 21–22; Dkt. 26 at 3.) Defendant argues that Plaintiff should not be compensated for these entries, which are either review of minimal standing orders and notices or are non-compensable clerical tasks. (Dkt. 26 at 3–4.)

The undersigned agrees and recommends that the Court not award fees for review of routine docket entries, *see Smith v. Berryhill*, 2:17-cv-00090-SPC-NPM, slip op. at 5–6 (M.D. Fla. Apr. 29, 2019) (ECF Dkt. 40) ("The time claimed for reviewing standing orders or notices that are entered in every Social Security case is excessive"), *report and recommendation adopted*, 2:17-cv-00090-SPC-NPM (M.D. Fla. May 17, 2019) (ECF Dkt. 41); *Garverick v. Comm'r of Soc. Sec.*, No. 2:15–cv–385–CM, 2017 WL 1838483, at *3 (M.D. Fla. May 8, 2017) (refusing to award fees for routine orders because "Avard, as the attorney who has filed numerous Social Security cases in this District, should be familiar with these orders . . . because they are Standing Orders entered in all Social Security cases pending with this Division and before the undersigned"), or for clerical tasks, *see Wood v. Comm'r of Soc. Sec.*, 2:15–cv–437–FtM–29CM, 2017 WL 2298190, at *3 (May 26, 2017) (reducing an entry for "Ready EAJA Narrative, Time Slips, Exhibits, Certificate. File Per Local Rule" because "the entry includes clerical tasks"); *Garverick*, 2017 WL 1838483, at *3 (finding that "filing a memorandum is a clerical task that is not compensable as attorney's fees");

*Ward v. Astrue*, No. 3:11–cv–523–J–TEM, 2012 WL 1820578, at *3 (M.D. Fla. May 18, 2012) (explaining that time spent "to prepare a time sheet for the EAJA petition" is "an administrative task that should be subsumed within overhead costs, particularly when additional time is sought for preparation of the actual petition."); *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000) ("Defendant is correct that tasks of a clerical nature are not compensable as attorney's fees.").

Next, Defendant argues that Plaintiff's request for fees for time spent preparing the EAJA petition "is insufficiently supported." (Dkt. 26 at 6.) Defendant argues that the time entries do not identify the date the work was performed or the attorney that performed it. (Dkt. 26 at 6.) However, because "[r]easonable time spent preparing an EAJA fee petition is compensable," *Kirkendall v. Comm'r of Soc. Sec.*, No. 3:17-CV-880-J-PDB, 2019 WL 913282, at *2 (M.D. Fla. Feb. 25, 2019), the undersigned recommends that the Court not deny this fee request, despite the lack of clarity. Defendant alternatively argues that the amount should be reduced as excessive, particularly considering that the petition is "almost identical" to other petitions filed by the same attorney in other cases. (Dkt. 26 at 6–7.) The undersigned agrees and recommends that the Court award fees for one hour of time for preparation of the EAJA petition. *See Bostic v. Comm'r of Soc. Sec.*, 858 F. Supp. 2d 1301, 1305 (M.D. Fla. 2011) (finding that "one hour is more than sufficient to compensate the Plaintiff's counsel for the preparation and filing of a petition for attorney fees, including the necessary calculations").

Finally, Defendant also argues that the hours spent preparing the brief in this case—a total of 34.5 hours—were excessive. (Dkt. 26 at 5–8.) Defendant argues that the record, at 399 pages, was not particularly lengthy and Plaintiff raised routine issues in a 22-page memorandum of law. (Dkt. 25 at 5.) Upon review of similar cases, the undersigned finds that 34.5 hours is excessive.

*See Huntley v. Comm'r of Soc. Sec.*, No. 6:12–cv–613–Orl–37TBS, 2013 WL 5970717, at *2 (M.D. Fla. Nov. 8, 2013) (finding that "an award in excess of thirty hours is uncommon") (collecting cases). In *Lucas-Williamson v. Saul*, a case involving the same attorneys, the court found that 41.9 hours was excessive even though the parties filed a 40-page joint memorandum addressing six issues. No. 8:18-cv-2641-T-17AAS, 2019 WL 6792458, at *1–2 (M.D. Fla. Nov. 6, 2019). In that case, the court reduced the attorneys' fee award by 25%. *Id.* at *2. In *Garverick v. Comm'r of Soc. Sec.*, a case involving the same lead attorney, the court found that 41.6 hours to draft a 34-page memorandum was excessive even though the record was 2,000 pages long. 2017 WL 1838483, at *3–4. In that case, the court reduced "the award by 14 hours, representing approximately a reduction of 35 percent of the time claimed to draft Plaintiff's memorandum." *Id.* at *4. Thus, after considering the issues presented in this case, in comparison with similar cases, the undersigned recommends a reduction of 8.6 hours, representing a reduction of approximately 25 percent of the time requested to draft Plaintiff's memorandum of law.

In the Motion, Plaintiff requests that the hourly rate of the fees awarded be increased to reflect the increase in the cost of living. Under the EAJA, the amount of attorney's fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney's fees shall not exceed $125 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Plaintiff proposes an hourly rate of $203.75 for hours worked in 2019 and $205.00 for hours worked in 2020. (Dkt. 25 at 16.) The undersigned finds that Plaintiff is entitled to the requested rate, and the Commissioner does not oppose Plaintiff's request.

In sum, the undersigned recommends that Plaintiff be awarded 24.1 hours for work performed by Carol Avard in 2019 (33.2 hours requested minus 0.5 hours of review and clerical

tasks and minus 8.6 hours in the time spent drafting the memorandum of law), at a rate of $203.75 per hour, for a total of $4,910.37; 2.1 hours for work performed by Carol Avard in 2020 (2.3 hours requested minus 0.2 hours in clerical tasks), at a rate of $205.00 per hour, for a total of $430.50; 4.9 hours for work performed by Craig Polhemus in 2019, at a rate of $203.75 per hour, for a total of $998.37; and 1 hour to prepare the EAJA petition, at a rate of $205.00 per hour, for a total of $205.00.  The court finds and recommends that $6,544.24 represents a reasonable attorney fee in this case.

Plaintiff also requests an award of $400 in costs for the federal court filing fee.  (Dkt. 25 at 23.)  The Commissioner does not oppose the proposed award of costs.  Under the EAJA, a judgment for costs may be awarded to the prevailing party in a civil action brought against an agency of the United States in any court having jurisdiction of such action.  28 U.S.C. § 2412(a)(1).  The undersigned finds that $400 is a reasonable claim for costs under 28 U.S.C § 2412(a)(1).  Additionally, Plaintiff requests $20.40 in expenses for the cost of postage.  (Dkt. 25 at 23.)  The Commissioner does not oppose the proposed award of expenses and the undersigned finds that the expenses are recoverable.  *See Jean v. Nelson*, 863 F.3d 759, 778 (11th Cir. 1988) (finding that postage expenses are compensable under the EAJA).

Finally, Plaintiff requests that the fee award be paid directly to her attorney.  (Dkt. 25 at 23.)  Although EAJA fee awards belong to the party, not the party's attorney, *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008), such fees may be paid directly to a plaintiff's attorney in cases in which the plaintiff does not owe a debt to the government and assigns the right to such fees to the attorney.  *Astrue v. Ratliff*, 560 U.S. 586, 597 (2010).  In this case, Plaintiff has assigned the EAJA award to her attorney.  (Dkt. 25-1.)  Therefore, the award is payable directly to Plaintiff's

- 8 -

counsel if Plaintiff is not indebted to the federal government; otherwise, the award is payable directly to Plaintiff.

Accordingly, it is **RECOMMENDED** that:

1. Plaintiff's Petition for EAJA Fees Pursuant to 28 U.S.C. § 2312(d) [sic] be **GRANTED IN PART** and **DENIED IN PART**;

2. Attorney's fees in the amount of $6,544.24, expenses in the amount of $20.40, and costs in the amount of $400 be awarded to Plaintiff under the EAJA. Fees are payable directly to Plaintiff's counsel if the Commissioner determines that Plaintiff does not owe a debt to the government.

**IT IS SO REPORTED** in Tampa, Florida, on June 19, 2020.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Thomas P. Barber
Counsel of Record