UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BONNIE LEE THOMPSON,

    Plaintiff,

v.                                                   Case No. 8:19-cv-124-T-60JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on consideration of the report and recommendation of Julie S. Sneed, United States Magistrate Judge, entered on June 19, 2020. (Doc. 27). Judge Sneed recommends "Plaintiff's Petition for EAJA Fees Pursuant to 28 U.S.C. § 2312(d) [sic] and for Oral Argument" (Doc. 25) be granted in part and denied in part. Specifically, Judge Sneed recommends that Plaintiff be awarded reasonable attorney's fees in the amount of $6,544.24, expenses in the amount of $20.40, and costs in the amount of $400.00, for a total award of $ 6,964.64. On June 30, 2020, Plaintiff filed an objection to the report and recommendation. (Doc. 28).

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the

findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Castro Bobadilla v. Reno*, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), *aff'd*, 28 F.3d 116 (11th Cir. 1994) (table).

Upon due consideration of the record, including Judge Sneed's report and recommendation, in conjunction with an independent examination of the file, the Court adopts the report and recommendation in all respects. The Court agrees with Judge Sneed's detailed and well-reasoned factual findings and legal conclusions. Consequently, "Plaintiff's Petition for EAJA Fees Pursuant to 28 U.S.C. § 2312(d) [sic] and for Oral Argument" (Doc. 25) is granted in part and denied in part.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The report and recommendation (Doc. 27) is **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

2. "Plaintiff's Petition for EAJA Fees Pursuant to 28 U.S.C. § 2312(d) [sic] and for Oral Argument" (Doc. 25) is **GRANTED IN PART** and **DENIED IN PART.**

3. The motion is **GRANTED** to the extent that Plaintiff is hereby awarded fees in the amount of $6,544.24, expenses in the amount of $20.40, and costs in the amount of $400.00, for a total award of $6,964.64. Fees are payable directly to Plaintiff's counsel if the Commissioner determines that Plaintiff does not owe a debt to the government; otherwise, the award is payable directly to Plaintiff.

4. The motion is **DENIED** to the extent that Plaintiff seeks additional or different

relief.

5. The Clerk is directed to enter an amended final judgment in favor of Plaintiff and against the Commissioner of Social Security that includes the award of attorney's fees and costs in this case, as set forth herein.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 6th day of August, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**