UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BONNIE LEE THOMPSON,

    Plaintiff,

v.                                                                                     Case No: 8:19-cv-124-TPB-JSS

COMMISSIONER OF SOCIAL
SECURITY and UNITED STATES
ATTORNEY,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Unopposed Petition for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Motion"). (Dkt. 31.) For the reasons that follow, the Court recommends that the Motion be granted.

## BACKGROUND

On January 17, 2019, Plaintiff filed this action seeking review of the Commissioner's decision denying Plaintiff disability benefits. (Dkt. 1.) On March 5, 2020, the Court reversed the decision of the Commissioner and remanded the case to the Administrative Law Judge ("ALJ") to conduct further proceedings. (Dkt. 23.) Plaintiff's counsel was awarded fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkts. 29, 30.) Pursuant to the Court's order, on remand, the ALJ held a second hearing and issued a fully favorable decision. (Dkt. 31 at 4.) The Social Security Administration withheld $17,975.38, which is twenty-

five percent of Plaintiff's past due benefits, for the payment of Plaintiff's legal fees. (Dkt. 31-1.)

In the Motion, Plaintiff's attorney moves for a contingency fee pursuant to 42 U.S.C. § 406(b). (Dkt. 31.) Counsel seeks a total fee of $17,975.38, which is twenty-five percent of Plaintiff's past-due benefits. Additionally, counsel notes that the fee will be reduced by the amount of the fees previously received pursuant to the EAJA. (Dkt. 31.) *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quotation omitted) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee."). The Commissioner does not oppose the Motion. (Dkt. 31 at 3.)

## APPLICABLE STANDARDS

"Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b). Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The single "boundary line" to which

courts must adhere is that "[a]greements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* For fees sought within the "25 percent boundary," a movant must show "that the fee sought is reasonable for the services rendered." *Id.*

## ANALYSIS

Plaintiff's counsel seeks a total contingency fee award of $17,975.38, less the EAJA fee of $6,544.24, for the time spent on this matter. (Dkt. 31.) Counsel argues she spent a total of 40.40 hours[1] litigating this appeal. (Dkt. 31 at 2.) In August of 2020, the Court awarded Plaintiff EAJA fees in the amount of $6,544.24. (Dkts. 27, 29.) In the Motion, Plaintiff's counsel requests additional fees in the amount of $11,431.04 for her work on this matter. (Dkt. 31.) Plaintiff's counsel argues that this amount should be approved because Plaintiff agreed to a contingency fee of twenty-five percent of any past-due benefits awarded and the total fee award is reasonable. (Dkt. 31.)

In assessing reasonableness of a total fee, courts consider the whether the retainer agreement contains a fee agreement and whether the sum requested is less than or equal to twenty-five percent of the awarded retroactive benefits. *See Vilkas v. Comm'r of Soc. Sec.*, No. 2:03-cv-687-FTM-29DNF, 2007 WL 1498115, at *1 (M.D. Fla. May 14, 2007) (citing *Gisbrecht*, 535 U.S. at 807–08 and awarding the requested contingency fee under § 406(b) because the plaintiff agreed to pay his counsel twenty-

---

[1] Previously, the Court found that only 32.1 hours were properly expended on this case. (Dkts. 27, 29.)

five percent of any awarded retroactive benefits under the retainer agreement and the sum requested was less than twenty-five percent of the awarded retroactive benefits). Here, Plaintiff agreed to pay her counsel, Carol Avard, twenty-five percent of the amount of past due benefits pursuant to § 406(b). (Dkt. 31-2.) The requested fee does not exceed twenty-five percent of Plaintiff's past-due benefits. (Dkt. 31.)

In determining attorney's fee requests, courts also consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Plaintiff's counsel's appeal resulted in the Court's remanding the unfavorable decision. (Dkts. 23.) On remand, Plaintiff's counsel's appeal resulted in a fully favorable decision and an award of retroactive disability benefits. (Dkt. 31.) Plaintiff's counsel filed the Motion promptly after receiving the notice of the benefits award. (Dkt. 31-1.) Thus, the favorable results counsel achieved for Plaintiff and counsel's promptness in filing the Motion support the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 808 (reasoning that a reduction in the requested fees is warranted if an attorney is "responsible for delay . . . so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court").

Finally, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is [ ] in order." *Gisbrecht*, 535 U.S. at 808 (explaining that a time itemization and a statement of the attorney's normal hourly billing rate is helpful to aid the court's reasonableness assessment, while describing the court's wide discretion in this assessment because "[j]udges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts,

and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review"). However, when reviewing the contingency fee requested in terms of the equivalent hourly rate, courts in the Eleventh Circuit have approved contingency fees that equate to hourly rates within the range of Plaintiff's request, and the requested fee here is not unreasonable. *See Carpenter v. Astrue*, No. 8:10-cv-290-T-TGW, 2012 WL 367261, at *1 (M.D. Fla. Feb. 3, 2012) (approving a contingency fee equaling approximately $852 per hour); *Haynes v. Astrue*, No. 8:09-cv-392-T-TGW, 2011 WL 127121, at *1 (M.D. Fla. Jan. 14, 2011) (approving a contingency fee equaling approximately $453 per hour); *Vilkas*, 2007 WL 1498115, at *2 (approving a contingency fee equaling "approximately $1121.86 per hour for the 5.5 hours she spent in this case" because "[e]ven though the fee request on an hourly basis is high," the requested amount was far less than twenty-five percent of the retroactive benefits). Additionally, the Commissioner does not oppose the requested fee. (Dkt. 31 at 3.)

It is unclear whether Plaintiff's counsel has already received a portion of the total fee, in excess of the EAJA fee. In the correspondence from the Commissioner to Plaintiff, the Commissioner stated as follows:

> Based on the law, we must withhold part of the past-due benefits to pay an appointed representative. We cannot withhold more than 25 percent of the past-due benefits to pay an authorized fee. We withheld a total of $17,975.38 from your past-due benefits to pay your representative. After releasing $6,000.00 to your representative, we are withholding the remaining $11,975.38 in case we need to pay your representative a court fee.

(Dkt. 31-1 at 4.) The amount released by the Commissioner, $6,000.00, is not equal to the EAJA fee and counsel does not address this sum in the Motion. As such, the undersigned recommends that the Court direct that counsel's total fee, including all sums already received and the EAJA fee, shall not exceed the total amount of $17,975.38.

Accordingly, it is **RECOMMENDED** that:

1. Plaintiff's Petition for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Dkt. 31) be **GRANTED**.

2. The Court approve the attorney's fees requested by counsel as reasonable and Plaintiff's counsel, Carol Avard, be awarded a total fee of $17,975.38.

3. The Commissioner be directed to pay Plaintiff's counsel the **net** amount of $11,431.14 ($17,975.38 minus the $6,544.24 EAJA fee), less any additional sum already paid to counsel.

4. The Court order that counsel's total fee, including any sum already paid and the EAJA fee, shall not exceed $17,975.38.

5. The Clerk be directed to enter judgment accordingly and close the case.

**IT IS SO REPORTED** in Tampa, Florida, on November 23, 2021.

                                                                          JULIE S. SNEED
                                                                          UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Thomas P. Barber
Counsel of Record